## The Philadelphia & Reading Coal & Iron Company, Plain= tiff in Error, v. Capps & McCormick Com= pany, Defendant in Error.

## Gen. No. 16,166.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the HON. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opnion filed February 6, 1912. Rehearing denied February 20, 1912.

ULLMANN, HOAG & DAVIDSON, for plaintiff in error.

TRUMAN H. MINER, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

In an action in the Municipal Court of Chicago by the plaintiff, Philadelphia & Reading Coal & Iron Company, plaintiff in error, against Capps & McCormick Company, defendant in error, the plaintiff had judgment for $1.95. The action was brought to recover a balance due on an account for coal sold and delivered by the plaintiff in error to the defendant in error. The defendant in error filed a plea of set-off, setting up a claim of $163.25 due to the defendant in error from the plaintiff in error on account of rebates

·300     Appellate Courts of Illinois.

Phila. & R. C. & I. Co. v. Capps & McCormick, 167 Ill. App. 299.

of 25 cents a ton for hard coal purchased by the defendant in error from the plaintiff in error.

No question of law is involved in this case. The judgment is sought to be recovered on the ground that the proofs show that O'Kelly, the salesman of the plaintiff, did not promise the rebate of 25 cents per ton which the jury allowed the defendant, and second, that O'Kelly had no authority to offer a rebate and agree to make it.

The evidence shows that the contract for the sale and purchase of the coal in question was made by plaintiff's sales agent, Myles J. O'Kelly, in May, 1907. The coal in question was sold pursuant to the contract made by O'Kelly and delivered from May, 1907, to October, 1908. There was a total delivery of 855 tons of hard coal under the contract.

The evidence shows that O'Kelly was the recognized agent of the plaintiff for the sale of coal, and it was stipulated that the defendant had been credited with rebates on 202 tons of hard coal, and that on 653 tons the rebate of 25 cents had not been credited to the defendant.

Upon the question as to whether the rebate was agreed upon with O'Kelly, two witnesses testify in support of the defendant's contention. Capps testified that on the 8th or 9th of May, 1907, O'Kelly solicited the business of the defendant company, stating that he could give them a better price by 25 cents per ton than defendant was paying, and that shortly thereafter O'Kelly agreed to give defendant a rebate of 25 cents a ton on the price named. The witness McCormick testified to the agreement by O'Kelly, and that in consideration thereof the defendant company began buying coal from the plaintiff.

On behalf of the plaintiff, O'Kelly testified that he never promised the defendant a reduction or rebate on coal prior to May 1st, 1908.

Correspondence between the parties tending to show an account stated was introduced in evidence. There was also a letter from the defendant in March, 1909, stating that in checking over the account they had discovered that the plaintiff had omitted to give the defendant credit for the rebate of 25 cents per ton on 653 tons, and that they had only received a rebate on 202 tons out of a total of 855 tons of coal. To that letter the plaintiff made reply by bringing the suit.

In our opinion the jury, under all the facts and circumstances shown in the evidence, were justified in finding that the defendant was entitled to the rebate of 25 cents per ton on all the coal sold. The verdict and judgment are not clearly against the weight of the evidence upon the question of amount, assuming that O'Kelly had authority to sell the coal and fix the price, and give a rebate of 25 cents a ton. Upon that question we also think the jury were justified in finding from the evidence that O'Kelly was authorized by the plaintiff to make the contract claimed by the defendant. He was held out by the plaintiff to the trade and to the defendant as its sales agent, and we think the defendant had reason to believe that he was authorized to make the contract which it is claimed by the defendant was made for the sale of the coal in question.

The judgment is affirmed.

*Affirmed.*